## CHARLES R. RICHARDSON

### *v.*

## AMASA H. MERCER *et al.*

WITNESS—*credibility of.*   A suit in chancery was instituted to compel a conveyance of certain lands to which the complainant claims title, through certain assignments of a certificate of purchase to him, made, as was alleged in the bill, by defendant's assignee, to complainant.   The answer denies the assignment of the certificate of purchase by the defendant, or by any assignee of the defendant, and alleges that such assignments are fraudulent. On the trial of the cause, it was proved that the witness for the complainant, by whom the validity of the subsequent assignments was attempted to be proved, had written two letters in which he strongly intimated that, for a consideration, he would swear in favor of the defendant; that there was money in it, and that the termination of the case depended upon his evidence.   It also appeared from the evidence, that the assignee of the defendant, had left the State, and was absent at the time the assignment by him to the complainant bears date.   Upon these facts appearing, the court below disregarded the testimony of the witness as unworthy of belief, and dismissed the bill : *Held,* that a court of chancery is justified in discrediting the testimony of a witness under such circumstances.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. JOHN CLARK, for the plaintiff in error.

Mr. N. J. PILLSBURY and Mr. S. T. FOSDICK, for the defendant in error, Mercer.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by plaintiff in error, in the Livingston Circuit Court, against defendant in error, to

enforce a conveyance of a quarter section of land. The bill alleges that a certificate of purchase was issued by the county judge of that county to one Henry Jones, and was transferred by *mesne* assignments to plaintiff in error. All of the assignors were made parties to the bill. It was subsequently dismissed by complainant as to all of the defendants except Mercer and Wolverton. Mercer answered the bill, admitting the making of the certificate of purchase, and that the various assignments were also made, but denied the assignment alleged to have been made by him to Farmer, and from Farmer to complainant. On these assignments the whole controversy turns. The only question presented, is one of fact, and depends on the evidence contained in this record. On a hearing upon all the evidence, the court below was of the opinion that the assignment was not proved, and dismissed the bill.

Upon the question, whether Mercer's signature to the assignment was genuine, much testimony was heard. Hull's name is signed as a witness, and he swears positively that he saw Mercer write his name to the assignment. It appears from the record, that Hull wrote two letters to Dart, in which he says that the termination of the case depends upon his evidence, and in the first he strongly intimates that for a consideration he will swear in favor of Mercer, and in the second he urges Dart to see Mercer, and says that he will pay largely, and that there is money in it for both Dart and witness. When we find that his testimony is given in the case, no court can or should give to it any consideration. It would be dangerous in the extreme to deprive persons of any right on the testimony of such a witness. When a man is so far lost, not only to a sense of justice and truth, but to his love of character among men, as to offer, for a consideration, to swear one way, and reduce the offer to writing, to stand as a monument of his shame, and then swear to the opposite of his offer, no one can give such testimony any credence. Further comment on this testimony is useless, as it stands condemned

by the witness himself, and hence we dismiss it from the case.

Some of the witnesses swear that they heard Mercer admit, while under arrest, that he had assigned the certificate, but Wolverton swears that he said, at that time and in the same conversation, that he did not assign it. Wolverton had ample means to hear, and having had Mercer arrested, he had an interest in observing particularly what he did say. Again, the witnesses called to prove Mercer's signature, all either say they are not sufficiently acquainted with his writing to give an opinion, or express a doubt as to its genuineness. Its execution is not proved in this mode.

Dart swears that Farmer came to him with the certificate of purchase, and said he had let Mercer have his mare on its purchase, and he was to give $100 more, when Mercer was to assign it, but he had not then assigned it. And Martin swears that he heard a conversation between Farmer and Hull; that the former went to a trunk and took out a certificate belonging to Mercer; that they looked it over, when Hull inquired how he obtained it, and Farmer replied that Mercer had let him have it that he might take it to Secor to see if it was all right.

The witness, Charlotte Law, testified that Richardson and Phillips examined Farmer's trunk in March, 1862, and when complainant admits that the certificate of purchase was taken from Farmer's trunk by Phillips and given to him, we must infer that if Farmer had sold the certificate to complainant, it had not been delivered when the former fled from the State. And when we find Farmer's assignment bears date on the 6th of April, 1862, and find that the evidence establishes the fact that Farmer had fled the country some time in March, we might reasonably expect that proof would have been given to explain how this assignment happened to bear so late a date. When it is remembered that it was taken from Farmer's trunk after he left, it surely required satisfactory proof to show how the assignment was made, and especially when it bears date

some ten days after Farmer had left, and after, as far as we can see, he had any opportunity to execute the assignment.

An attentive consideration of the evidence, we think, fails to prove either the assignment from Mercer to Farmer, or from the latter to complainant; and in this absence of proof, the court below did right in dismissing the bill.

The decree must be affirmed.

*Decree affirmed.*